**Mary C. RABOYA, Plaintiff,**

v.

**SHRYBMAN & ASSOCIATES,
et al., Defendants.**

**Civ. A. No. 91–1829 (CRR).**

United States District Court,
District of Columbia.

Nov. 14, 1991.

Iris McCollum Green of Green & Foushee, Washington, D.C., for plaintiff.

Shirlie Norris Lake, Jeffrey J. Hines, Joel H. Oleinik of Eccleston & Wolf, Baltimore, Md., for defendants.

## ORDER

CHARLES R. RICHEY, District Judge.

Plaintiff has brought this action alleging libel *per se*, libel, negligence, invasion of privacy and intentional infliction of emotional distress based upon the Defendants' publication of a letter reporting Plaintiff's alleged neglect of her sixteen-year-old pregnant daughter to the D.C. Department of Human Services. Defendants come before this Court on a Motion to Dismiss Count One of Plaintiff's Amended Complaint which consists of the libel *per se* claim.[1] Upon further consideration of the Defendants' Motion, the Plaintiff's response thereto, the record herein and applicable law, the Court grants the Defendants' Motion and dismisses Count One of the Plaintiff's Complaint.

■ Any written or printed statement which falsely charges another with the commission of a crime is libelous *per se*. *See* 53 C.J.S. Libel and Slander § 38. In the District of Columbia, in order to be actionable as libel *per se*, the contents of a defamatory publication must

" 'impute ... the commission of some criminal offense for which [the Plaintiff] may be indicted and punished, if the charge involves moral turpitude and is such as will injuriously affect [the Plaintiff's] social standing', or, ... the question is whether, from the language attributed to defendant, there is something

from which commission of a crime can be inferred."

*Farnum v. Colbert,* 293 A.2d 279, 281 (D.C.1972), *quoting Harmon v. Liss,* 116 A.2d 693, 695 (D.C.1955) (citations omitted).

■ Plaintiff in this case has been "accused of child neglect", or more specifically, of "failing to provide for her sixteen-year-old pregnant daughter." *See* Plaintiff's Amended Complaint at 2–3, ¶ 9; Plaintiff's Opposition to Motion to Dismiss Count One at 2. In the District of Columbia, child neglect constitutes a civil statutory infraction, governed by D.C.Code § 16–2301 *et seq.* (1981). Child neglect is not a criminal offense in the District of Columbia, and libel *per se* requires the false imputation of a crime. *Farnum v. Colbert, supra.* Both Plaintiff and Defendants concede this point. *See* Plaintiff's Opposition to Motion to Dismiss Count One at 1; Defendants' Memorandum of Law in Support of Motion to Dismiss Count One at 2. The issue, therefore, is whether the Defendants' accusation of child neglect can, nevertheless, constitute libel *per se.*

Plaintiff argues that the "actions of the Defendants in imputing the statutory infraction of child neglect to Plaintiff is analogous to imputation of a crime...." Plaintiff's Amended Complaint at 4, ¶ 14. In support of her argument, Plaintiff emphasizes the various penalties that accompany a violation of child neglect. For instance, the allegation of neglect can lead to the issuance of a summons and petition to appear before a judge. In addition, if a person is found to have violated the child neglect statute, he or she may risk having the child temporarily taken out of his or her custody, and may be subject to orders of the court system and the Department of Human Services. *See* Plaintiff's Opposition to Motion to Dismiss Count One at 3. Plaintiff concludes that these penalties can be analogized to punishment, and that "moral turpitude can certainly be inferred from an accusation of child neglect." Plaintiff's Opposition to Motion to Dismiss

1. Defendants have requested a hearing on their Motion to Dismiss Count 1 of the Complaint. Such a hearing is unnecessary, however, as the issues may be resolved on the papers.

Count One at 3. Accordingly, Plaintiff claims that an accusation of child neglect is analogous to an accusation of a crime, and therefore should be treated as libel *per se. Id.*

Defendants refute Plaintiff's argument, stressing that an imputation of a crime is necessary for a libel *per se* action. Defendants also contend that "under the District of Columbia Code, a parent's duty under criminal law to adequately provide for a child extends only to the age of fourteen (14) years." Because Plaintiff's daughter was sixteen (16) years old at the time in question, there can be no imputation of a crime. *See* Defendants' Memorandum of Law in Support of Motion to Dismiss Count One at 2.

■ After reviewing the pleadings in this case and the relevant caselaw in the District of Columbia pertaining to libel *per se,* the Court finds that the accusation by Defendants concerning Plaintiff's alleged neglect of her daughter does not impute the commission of a crime by the Plaintiff. First and foremost, the Court takes notice that there are two statutes in the District of Columbia addressing the treatment of children. D.C.Code § 16–2301 *et seq.,* sets forth the statutory infraction of child neglect. D.C.Code § 22–901, on the other hand, sets forth the criminal offense for cruelty to children. While similar types of conduct trigger the application of each statute, the proceedings that follow the violation of each statute "is profoundly different in purpose and character." *In re S.K. and V.L.,* 564 A.2d 1382, 1388 (D.C.1989). A civil proceeding based on neglect is remedial in nature and focuses on the child and his or her best interest. *See In re S.K. and V.L., supra; In re S.G.,* 581 A.2d 771 (D.C.1990). A criminal proceeding based on cruelty or abuse, however, is "primarily concerned with the allegedly abusive parent." *In re S.G.,* 581 A.2d at 775. Because a separate criminal statute does exist relating to the abuse of children, and because Plaintiff admits that she was accused solely of the statutory offense of child neglect, *see* Plaintiff's Amended Complaint at 4, ¶ 14, the Court cannot find that the De-

fendants' accusation of neglect is sufficiently analogous to an accusation that Plaintiff committed a criminal offense.

■ Similarly, Plaintiff's argument that the penalties resulting from a child neglect charge are analogous to the punishment afforded to criminal violators does not convince this Court to treat her action as a libel *per se.* In fact, the neglect statute does not provide for indictment or criminal punishment such as fines or imprisonment. *Farnum v. Colbert, supra,* requires that such punishment measures be at issue. Furthermore, because the statutory scheme for child neglect involves at most a temporary suspension of parental rights, due process only requires that a finding of neglect be based on a preponderance of evidence. *See In the Matter of N.H.,* 569 A.2d 1179 (D.C.1990) (rejecting claim that the Constitution requires the clear and convincing evidence standard in neglect cases). Criminal proceedings, on the other hand, require proof of guilt beyond a reasonable doubt. It follows that the statutory infraction of child neglect cannot accurately be described as analogous to a crime.

■ There are distinct differences between an action in libel and an action in libel *per se.* A defamatory publication need only be injurious to the reputation of another to constitute libel, while libel *per se* requires an actual imputation of a criminal offense. *See Smith v. District of Columbia,* 399 A.2d 213 (D.C.1979); 53 C.J.S. Libel and Slander §§ 2 and 38. In addition, the necessary allegations of general and specific damages differs in each action. *See Curtis Publishing Co. v. Vaughan,* 278 F.2d 23 (D.C.Cir.1960); 53 C.J.S. Libel and Slander §§ 145–147. It is precisely because the law draws distinctions between libel and libel *per se* actions that the Court should not liberally permit a Plaintiff to assert a libel *per se* claim.

Therefore, it is, by this Court, on this 14th day of November, 1991,

ORDERED that Defendants' Motion to Dismiss Count One of Plaintiff's Complaint shall be, and hereby is, GRANTED insofar as it alleges a claim of libel *per se,* and the

Court shall treat the remainder of Count One as a claim sounding in tort as a pure libel action.